IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:00-CR-0468-H(01) |
| | ) | No. 3:05-CV-2479-H (BH) |
| CHARLES COREY FRANKLIN, | ) | ECF |
| ID # 26057-177, | ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

On March 15, 2001, movant pled guilty to conspiracy to the six counts levied against him in the superseding indictment in this case. On June 7, 2001, the Court entered judgment upon movant's guilty plea, and sentenced him to a total term of imprisonment of 360 months. Movant did not appeal or conviction or sentence.

On December 19, 2005, the Court received the instant motion to vacate filed by movant pursuant to 28 U.S.C. § 2255. He claims that, under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), the Court improperly sentenced him by utilizing factors not submitted to the jury for determination.

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

In this instance, movant merely raises claims under *Booker* and *Blakely*. Claims based upon those cases, however, are not cognizable on collateral review. *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation which holds that *Booker* and *Blakely* claims are not cognizable in a § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005). The *Booker/Blakely* line of cases do not apply retroactively to cases on collateral review. *See United States v. Gentry*, 432 F.3d 600, 604-05 (5th Cir. 2005). Because claims based upon *Booker* and *Blakely* are not cognizable on collateral review, it is clear that movant is entitled to no relief on the claims raised in the instant action. Consequently, this action is subject to summary dismissal.

## III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 7th day of November, 2006.**

                                              *[signature]*
                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                              *[signature]*
                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE