IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:00-CR-468-L-1 |
| | § | |
| CHARLES COREY FRANKLIN, | § | |
| #26057-177, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the court is Defendant's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling Reasons and the COVID-19 virus pandemic (Doc. 157), filed July 6, 2020. In the alternative, Defendant seeks release to home confinement. As detailed herein, the motion is **denied**.

I.

In 2001, Defendant pled guilty to two counts of obstruction of commerce by robbery, three counts of using and carrying a firearm during a crime of violence, and one count of bank robbery and was sentenced to a combined term of 360 months. Crim. Doc. 116 (Sanders, J.). He now seeks release from confinement because he suffers from preexisting, chronic medical conditions—high blood pressure, hypertension, high cholesterol, and "extreme low immune deficiency due to low blood cell count/low immune system" (leucopenia and anemia)—all of which he contends render him more susceptible to the COVID-19 virus. Crim. Doc. 157 at 1-2.

According to the Bureau of Prison's ("BOP's") website, Defendant is 49 years old, has a projected release date of January 16, 2027, and is presently confined at the Seagoville FCI. As of July 8, 2020, the BOP's website reported 408 COVID-19 positive cases among Seagoville FCI's

inmates and 10 among staff members.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

## II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted his administrative remedies.  Indeed he does not allege that he attempted to exhaust his administrative remedies by requesting compassionate relief from the BOP.  That notwithstanding, Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Miller,* No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).

---

[1]  The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on July 8, 2020).

Moreover, Defendant does not provide specific factual information unique to his circumstances or preexisting medical condition sufficient to excuse his failure to exhaust administrative remedies even considering the exceptional circumstances of the COVID-19 pandemic. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Muniz*, ___ F. Supp. 3d ___, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions—high blood pressure, hypertension, high cholesterol, and "extreme low immune deficiency due to low blood cell count/low immune system" (leucopenia and anemia)—or discount that being confined in a

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. He fails to establish that his conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish his ability to provide self-care. Defendant does not present any evidence or medical records documenting his current symptoms and own unique conditions sufficient to establish exceptional and compelling circumstances. At best, he offers only conclusory assertions about his chronic medical conditions. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care").

Despite the recent spike in COVID-19 positive cases at Seagoville FCI, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering Defendant's age (49). *See United States v. Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Moreover, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for

compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for obstruction of commerce by robbery (Counts 1 and 3), using and carrying a firearm during a crime of violence (Counts 2, 4, and 6), and bank robbery (Count 5). According to the presentence report, the guidelines range was 188-235 months for Counts 1, 3 and 5, and a mandatory consecutive term of at least 57 years on Counts 2, 4 and 6. Defendant also qualified for criminal history category of VI based on his prior criminal activity and career offender status. The court imposed an aggregate sentence of 360 months, consisting "of 235 months on each of Counts 1, 3 and 5, to run concurrently with each other, 84 months on Count 2, to run consecutively to Counts 1, 3 and 5, and 300 months on each of Counts 4 and 6 to run consecutively to Counts 1, 2, 3 and 5, so long as the overall sentence does not exceed 360 months." Crim. Doc. 116. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

Accordingly, Defendant is not eligible to compassionate release.

III.

In addition, Defendant's request for release to home confinement has no merit. The BOP has the discretion to place a prisoner on home confinement toward the end of his sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995). *See also* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat 281 (2020) ("the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2)"). Moreover, "neither the

CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1.

Likewise, only the BOP has discretion to release eligible elderly offenders from BOP facilities to home confinement under 34 U.S.C. § 60541(g), the Elderly and Family Reunification Program amended by the First Step Act. *See United States v. Cantu*, 423 F. Supp. 3d 345, 347-48 (S.D. Tex. 2019) (describing the Elderly and Family Reunification Program, finding that the court lacked the authority to release a defendant under that section, and finding that "the BOP has 'sole discretion' to determine if an offender has a history of violence" under § 60541(g)(5)(A)(iv)).

IV.

For the foregoing reasons, Defendant's Motion for Compassionate Release and, in the alternative, for release to home confinement is **denied**.

**It is so ordered** this 8th day of July, 2020.

Sam A. Lindsay
United States District Judge